# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>Plaintiff,<br><br>vs.<br><br>KHALE,<br><br>Defendant. | **1:21-cv-01237-NONE-GSA-PC**<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY HECK V. HUMPHREY, 512 U.S. 477 (1994) AND EDWARDS v. BALISOK, 520 U.S. 641 (1997).**<br><br>**(ECF No. 1.)**<br><br>**30 DAY DEADLINE** |

Plaintiff, Israel Maldonado Ramirez, is a detainee at Atascadero State Hospital in Atascadero, California, proceeding *pro se* and *in forma pauperis* with this civil rights action. At the time of the events alleged in the Complaint Plaintiff was incarcerated at the Madera County Jail in Madera, California. Plaintiff complains that he is being falsely detained and should be released under the "Federal Release Rule." (Comp., ECF No. 1 at 3.) Plaintiff alleges that President Obama said he could have one Federal Release within the time limit, and Plaintiff wants immediate release per "Federal Corpus" paperwork. (Id. at 4.)

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an

allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff's Complaint does not contain any allegations to show that Plaintiff's finding of guilt has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **September 24, 2021**          **_____ /s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

2