UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO RAMIREZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KHALE,<br><br>　　　　Defendant. | 1:21-cv-01237-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED AS BARRED BY <u>HECK V. HUMPHREY</u>, 512 U.S. 477 (1994) AND <u>EDWARDS v. BALISOK</u>, 520 U.S. 641 (1997).**<br>**(ECF No. 1.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I. BACKGROUND**

Israel Maldonado Ramirez ("Plaintiff") is a detainee at Atascadero State Hospital in Atascadero, California, proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 16, 2021, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On September 27, 2021, the court issued an order requiring Plaintiff to respond and show cause why the Complaint should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). (ECF No. 13.)

On September 29, 2021, Plaintiff filed a response to the court's order.  (ECF No. 14.)

## II.    PLAINTIFF'S ALLEGATIONS AND CLAIMS

In brief, Plaintiff alleges in the Complaint that during the relevant time period he was incarcerated at Madera County Jail in Madera, California  Plaintiff alleges that he was being falsely detained and should be released under the Federal Release Rule.  (Comp., ECF No. 1 at 3.) Plaintiff alleges that President Obama said he could have one Federal Release within the time limit, and Plaintiff wants immediate release per "Federal Corpus" paperwork. (Id. at 4.)

## III.   HECK V. HUMPHREY AND EDWARDS v. BALISOK

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487-88. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.  This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Balisok, 520 U.S. at 643–647.

### A.    Plaintiff's Response to the Court's Order

Plaintiff responded to the court's order to show cause, stating that he wants a Federal Release to be released permanently.  Plaintiff also requests to be given a purple heart.  He claims that he is being falsely imprisoned.

### B.    Discussion

Plaintiff submitted no evidence that an appeal was granted, or that his conviction or sentence was reversed, expunged, declared invalid, or called into question by a federal court's

issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  Therefore, this court finds that Plaintiff's § 1983 case is barred by the favorable termination rule of Heck and Balisok and should be dismissed, without prejudice to filing a petition for writ of habeas corpus.

**IV.   CONCLUSION AND RECOMMENDATIONS**

The court has found that Plaintiff's Complaint fails to state a § 1983 claim upon which relief can be granted, and that Plaintiff is barred by Heck and Balisok from pursuing his claims in this case under § 1983.  Therefore, Plaintiff's Complaint should be dismissed, without prejudice to filing a petition for writ of habeas corpus.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Complaint be DISMISSED for failure to state a § 1983 claim, as barred by the favorable termination rule of Heck and Balisok, without prejudice to filing a petition for writ of habeas corpus; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **October 1, 2021**             **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE